UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NADIRA A. PITTMAN,

                Plaintiff,

-against-

UNITED STATES GOVERNMENT,

                Defendant.

24-CV-1127 (LTS)

ORDER DIRECTING SIGNATURE

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff brings this action *pro se*. The complaint that Plaintiff submitted is unsigned. Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a); *see* Local Civil Rule 11.1(a).

    Plaintiff is directed to resubmit the signature page of the complaint within 30 days of the date of this order. A copy of the signature page is attached to this order. If Plaintiff returns the signature page by mail or in person, it must have an original signature. If Plaintiff submits the signature page by email to Pro_Se_Filing@nysd.uscourts.gov, it must comply with the SDNY ECF Rules & Instructions and can be signed using an electronic signature in the signature block or a typed name with /s/ in the signature block ("/s/ John Doe").[1] A typed name that does not

---

[1] The Supreme Court has interpreted Rule 11(a) to require "as it did in John Hancock's day, a name handwritten (or a mark handplaced)." *Becker v. Montgomery*, 532 U.S. 757, 764 (2001). Although a "typed name" does not satisfy the signature requirement in Rule 11(a), the Supreme Court has authorized courts "by local rule [to] permit papers to be filed, signed, or verified by electronic means." *Id.* Under this Court's local rules, where a document is filed in accordance with the SDNY Electronic Case Filing (ECF) Rules & Instructions, the filing complies with the local rules. See Local Civil Rule 5.2. The SDNY ECF Rules & Instructions, at Rule 1.1 and Appendix C, authorize pro se parties to sign documents submitted to the court by email using an electronic signature or typed name with /s/ in the signature block (for example, "/s/ John Doe").

include "/s/" to show that it is intended to be a signature, or that is not in the signature block, is insufficient.[2]

No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   February 16, 2024
         New York, New York

                                             /s/ Laura Taylor Swain
                                             LAURA TAYLOR SWAIN
                                             Chief United States District Judge

---

[2] For registered ECF filers, "[t]he user log-in and password required to submit documents to the ECF system serve as the Filing User's signature on all electronic documents filed with the Court." Rule 8.1 of the SDNY ECF Rules & Instructions. Pro se litigants must request permission to register for ECF filing.